## DAN BALL v. CHARLES G. BRADLEY.

The court declined to charge the jury, with regard to a doubtful boundary line in a conveyance, that the instrument was to be construed most favorably to the grantee. On a motion for a new trial it was held—1. That the rule was of little value and one of last resort.—2. That it was properly applicable to a case of patent ambiguity, and to be applied by the court. 3. That if to be applied by a jury to a question of fact, it should be only when all other evidence had failed. 4. That as the motion did not show that all other evidence had failed the court could not see that the court below had erred in refusing to give the rule to the jury.

TRESPASS *quare clausum fregit;* tried to the jury before *Sanford*, J. Verdict for the plaintiff, and motion for a new trial by the defendant for error in the refusal of the judge to charge the jury as requested. The points decided will be sufficiently understood from the opinion, without a statement of the facts.

*Booth* and *Brewster*, in support of the motion.

*Taylor*, contra.

CARPENTER, J. On the trial of this case to the jury, the court was asked to charge the jury that the agreement made by the parties " was to be construed, in case of doubt as to its terms, or any ambiguity arising from the description therein, by the ordinary rule of construction, namely, that the grant or license was in such case to be construed most favorably for the grantee, as between grantor and grantee." This rule, *contra proferentem,* is a rule of law for the court, and is mainly applicable to cases of patent ambiguity. The reason of the rule is, that men may be supposed to take care of themselves, and that he who gives, and chooses the words by which he gives, ought to be held to a strict interpretation of them, rather than he who only accepts.

But the reason is not a very strong one, nor is the rule of special value. 2 Parsons on Contracts (5th ed.) 507. This

rule, however, from its rigor and strictness, is the last to be resorted to, and only when all other rules of exposition fail. 1 Swift's Digest, 234.

The principal question involved in the trial of this case in the court below seems to have been, not so much a question of construction for the court, as of fact for the jury. Strictly speaking, there is no ambiguity upon the face of the instrument which calls for the application of the rule. There is some uncertainty, as there always is in cases of this description, as to the precise locality of the lines and boundaries described in the contract. To remove that uncertainty, and identify the thing contracted for, resort was necessarily had to parol evidence. The ambiguity, if any, arose upon the introduction of such evidence. Whether the matter in dispute was a part of the thing sold or not was the question, and that was a question of fact for the jury.

Now as the court can apply this rule only in cases where all other rules of interpretation fail, it would seem reasonable that the jury should only be permitted to apply it, if ever, in those cases where the matter in controversy cannot otherwise be determined. If so, then the motion must show that this was a proper case for the application of the rule before we can say that the court erred in not instructing the jury as requested. On that subject the motion is silent. We cannot know that there was not a preponderance of proof in favor of the line as claimed by the plaintiff. If there was, that preponderance should have turned the scale, and there was no occasion to apply the rule. We will not say that a case may not be so nicely balanced as to justify the application of the rule by a jury; it is sufficient for our present purpose, that the record before us presents no such case.

We do not advise a new trial.

In this opinion the other judges concurred.